IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| MARSHALL GOLDMAN MOTOR SALES & LEASING, d/b/a iBUY LUXURY CARS<br>24661 Miles Rd.<br>Warrensville Heights, Ohio 44128<br><br>       Plaintiff,<br>  vs.<br><br>NAVDEEP SINGH<br>25 Lisa Dr.<br>Dixhills, New York 11746<br><br>and<br><br>AMANDEEP KAUR<br>25 Lisa Dr.<br>Dixhills, New York 11746<br><br>       Defendants. | CASE NO.<br><br>JUDGE<br><br><br><br>**COMPLAINT**<br><br>**(JURY DEMAND ENDORSED HEREON)** |

**NOW COMES** Plaintiff, Marshall Goldman Motor Sales & Leasing, Inc., d/b/a iBuy Luxury Cars (hereinafter "Plaintiff"), by and through undersigned counsel, and brings this Complaint against Defendants Navdeep Singh and Amandeep Kaur (hereinafter collectively referred to as "Defendants"), and in support thereof alleges the following upon information and belief:

### INTRODUCTION

1. This case involves the violation of state and federal odometer laws, being 49 USC 32703 as well as ORC 4549.43.

### PLAINTIFF

2. Plaintiff is a corporation organized and existing under the laws of the State of Ohio and conducts business all over the United States.

## DEFENDANTS

3. Defendant Navdeep Singh is an adult individual and residing at 25 Lisa Dr., Dixhills, New York 11746, and conducted business with Plaintiff in Warrensville Heights, Ohio.

4. Defendant Amandeep Kaur is an adult individual and residing at 25 Lisa Dr., Dixhills, New York 11746, and conducted business with Plaintiff in Warrensville Heights, Ohio.

5. Defendant Navdeep Singh and Defendant Amandeep Kaur are husband and wife.

## VENUE

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) in that the Defendants conducted business with Plaintiff in, and the substantial part of the events or omissions giving rise to this claim occurred in, Cuyahoga County, Ohio; 28 U.S.C. § 1391(b)(2), and because Defendants are subject to personal jurisdiction in this Court with respect to this action, there being no other district in which the action may otherwise be brought.

## JURISDICTION

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. This court also has supplemental jurisdiction over Plaintiff's related claims arising under state and local laws pursuant to 28 U.S.C. § 1367(a).

## STATEMENT OF FACTS

8. On or about June 1, 2023, Defendants sold a 2022 Lamborghini Urus, VIN ZPBUA1ZL8NLA18827 (hereinafter the "Vehicle"), to Plaintiff.

9. However, upon further investigation by Plaintiff, it was discovered after the sale that the Vehicle had false odometer readings.

10. Specifically, Lamborghini Corporate in Italy informed Plaintiff that the odometer had been altered and rolled back by over 6,000 miles.

11. When confronted with this, Defendants admitted to the false odometer readings by stating that they would take the Vehicle back and make Plaintiff whole.

12. While exhausting attempts were made to accomplish this, to date, Defendants have refused to do so, necessitating the filing of this action.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff hereby reincorporates by reference paragraphs 1 through 12 as if fully restated herein.

14. Plaintiff is a corporation in the business of, among other things, buying and selling pre-owned luxury cars to customers throughout the United States.

15. In this regard, on or about June 1, 2023, Plaintiff and Defendant entered into a contractual relationship (hereinafter the "Contract"), whereby Plaintiff purchased the Vehicle from Defendants.

16. Shortly after entering into the Contract, paying $245,000.00 and taking possession of the Vehicle, Plaintiff was informed that the odometer had been tampered with and that it was rolled back over 6,000 miles which constitutes, among other things, a breach of the Contract between the parties.

17. Plaintiff has fully performed all of its obligations under the Contract.

18. Plaintiff has made demands on Defendants for repayment, but Defendants failed and/or refused to make the repayment of $245,000.00 to Plaintiff.

19. Defendants breached their obligations to Plaintiff by failing to refund the purchase price and forcing Plaintiff to suffer losses in excess of $75,000.00 due to the fraudulent odometer reading.

20. As a result of Defendant's breach, Plaintiff has suffered damages in excess of $75,000.00.

## COUNT II
## FRAUD

21. Plaintiff hereby reincorporates by reference paragraphs 1 through 20 as if fully restated herein.

22. Defendants sold the Vehicle to Plaintiff knowing at all times relevant that the odometer reading for the Vehicle was inaccurate.

23. Defendants intentionally made false representations of material facts to Plaintiff to ensure that Plaintiff would purchase the Vehicle.

24. Plaintiff relied on Defendants' false representations to its detriment.

25. As a result of Defendants' fraudulent misrepresentations, Plaintiff has suffered substantial economic losses in excess of $75,000.00.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS CONTRACTS

26. Plaintiff hereby reincorporates by reference paragraphs 1 through 25 as if fully restated herein.

27. Defendants' false representations of the Vehicle's odometer readings constitutes tortious interference with Plaintiff's contractual relationships.

28. Specifically, Defendants knew that Plaintiff was in the business of buying and selling used luxury cars and by selling it a vehicle with a false odometer reading, knew Plaintiff could not sell the Vehicle for what it was truly worth or for what it paid for the Vehicle.

29. As a direct and proximate result of Defendants' tortious interference with Plaintiff's contractual relationships, Plaintiff has been damaged in an amount in excess of $75,000.00.

## COUNT IV
## TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCIES

30. Plaintiff hereby reincorporates by reference paragraphs 1 through 29 as if fully restated herein.

31. At all times relevant, Defendants were aware of Plaintiff's business expectancies with its customers in the luxury used car business.

32. Defendants' false representations about the Vehicle's odometer readings constitute tortious interference with Plaintiff's business relationships and expectancies in that others in the business have cast a false light on Plaintiff due to the re-sale of the Vehicle and the discovery of the odometer issue.

33. As a direct and proximate result of Defendants' tortious interference with Plaintiff's business relationships/expectancies, Plaintiff has been damaged in an amount in excess of $75,000.00.

## COUNT V
## VIOLATION OF FEDERAL ODOMETER LAW

34. Plaintiff hereby reincorporates by reference paragraphs 1 through 33 as if fully restated herein.

5

35. The conduct of Defendants in selling the Vehicle to Plaintiff with a tampered odometer and thereby making false mileage statements to Plaintiff with intent to defraud it constitutes a violation of 49 USC §32703.

36. The conduct of Defendants, as alleged herein, allows Plaintiff to seek treble damages pursuant to 49 U.S.C. § 32703(4) and the regulations for the enforcement thereof at 49 C.F.R. §§ 578.6.

37. All of the actions described herein were done with the intent to defraud Plaintiff.

38. As a proximate result of the breaches of the Federal odometer statutes as discussed herein, Plaintiff has suffered actual damages as alleged in excess of $75,000.00.

39. Pursuant to 49 U.S.C. § 32710, Plaintiff is entitled to three times its actual damages, or $10,000.00, whichever is greater, plus its reasonable attorney fees and the costs of this action, against the Defendants.

## COUNT VI
## VIOLATION OF OHIO'S ODOMETER LAW

40. Plaintiff hereby reincorporates by reference paragraphs 1 through 39 as if fully restated herein.

41. The conduct of Defendants in selling the Vehicle to Plaintiff with a tampered odometer and thereby making false mileage statements to Plaintiff with intent to defraud it constitutes a violation of ORC 4549.43.

42. The conduct of Defendants, as alleged herein, allows Plaintiff to seek damages pursuant to 49 U.S.C. § 32703(4) and the regulations for the enforcement thereof at 49 C.F.R. §§ 578.6.

43. All of the actions described herein were done with the intent to defraud Plaintiff.

44. As a proximate result of the breaches of the Ohio odometer statutes as discussed herein, Plaintiff has suffered actual damages in excess of $75,000.00.

45. Pursuant to ORC 4549.51, Plaintiff can seek damages under 49 U.S.C. § 32710, which entitles it to three times its actual damages, or $10,000.00, whichever is greater, plus its reasonable attorney fees and the costs of this action, against the Defendants.

**WHEREFORE**, Plaintiff asks this Honorable Court to:

1. Award Plaintiff in excess of $75,000.00 in compensatory damages;

2. Award Plaintiff in excess of $75,000.00 in punitive damages;

3. Award Plaintiff treble damages pursuant to the statutes cited herein;

4. Award Plaintiff its actual attorney fees, costs, and expenses pursuant to the statutes discussed herein, and other applicable law; and

5. Grant such other and further relief as is just and appropriate.

Respectfully submitted,

*/s/Erik L. Walter*
ERIK L. WALTER (#0078988)
**DWORKEN & BERNSTEIN CO., L.P.A.**
60 South Park Place
Painesville, OH 44077
(440) 352-3391     (440) 352-3469 Fax
Email: *ewalter@dworkenlaw.com*
Attorney for Plaintiff

## JURY DEMAND

A trial by the maximum number of jurors permitted by law is hereby demanded.

*/s/Erik L. Walter*
ERIK L. WALTER (#0078988)
DWORKEN & BERNSTEIN CO., L.P.A.
Attorney for Plaintiff